```
 1
 2
 3
 4
 5
 6
 7                    UNITED STATES DISTRICT COURT
 8                   EASTERN DISTRICT OF CALIFORNIA
 9
10  ANGEL RODRIGUEZ,                    No. 2:09-cv-00029-MCE-DAD
11          Plaintiff,
12      v.                              MEMORANDUM AND ORDER
13  LITTON LOAN SERVICING LP,
    et al.,
14
            Defendants.
15
16                          ----oo0oo----
```

17   Plaintiff Angel Rodriguez ("Plaintiff") brought this action
18 in state court for injuries allegedly suffered as a result of
19 entering a mortgage agreement with New Century Mortgage
20 Corporation ("New Century"), as well as the subsequent
21 foreclosure and Trustee's sale of the underlying parcel of real
22 property ("Subject Property").  Defendants Avelo Mortgage LLC
23 ("Avelo"), Litton Loan Servicing LP ("Litton"), and Mortgage
24 Electronic Registration Systems, Inc. ("MERS") (collectively
25 "Moving Defendants"), removed to this Court on January 5, 2009,
26 and filed a Motion to Dismiss Plaintiffs' First Amended Complaint
27 ("FAC") on February 23, 2009.  For the following reasons, Moving
28 Defendants' Motion to Dismiss is granted with leave to amend.

**FACTUAL BACKGROUND**

On October 20, 2006, Plaintiff signed a Deed of Trust and Promissory Note, obtaining a loan for $432,000 that was secured by the Subject Property. New Century originated the loan, and the Deed granted New Century a security interest in the Subject Property.

According to Plaintiff, New Century did not verify Plaintiff's income and processed the loan as a "stated income" loan application. Additionally, Plaintiff alleges he was not given the proper disclosures as required by California law and that Defendants New Century and MERS placed him in a securitized, sub-prime and predatory loan. Plaintiff also contends that the loan resulted in negative amortization and allowed for payments to be adjusted every six months. Finally, Plaintiff alleges that, subsequent to signing, the loan was placed into a Pooling and Service Agreement ("PSA").

On June 4, 2008, MERS, as nominee for New Century, assigned the Deed of Trust and Promissory Note to Defendant LaSalle Bank National Association ("LaSalle"). Later, Defendant Quality Loan Service Corporation ("Quality") was substituted as Trustee.

Plaintiff subsequently defaulted on the loan, and, on June 5, 2008, Quality recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice") in the Solano County Recorder's office.

///
///
///

According to the Notice, Plaintiff owed $19,982.50 and any further inquiry was to be directed to Avelo by way of Quality. Moving Defendants' Request for Judicial Notice ("RJN"), Exh. 3.[1]

No payment was forthcoming, and, on October 24, 2008, Quality issued a Notice of Trustee's Sale informing Plaintiff that he was in default and that unless Plaintiff took action, the Subject Property might be sold at public sale. Id., Exh. 4.

On November 18, 2008, Plaintiff's counsel sent a letter to Defendants New Century, Quality, Litton and Avelo. The letter, now referred to by Plaintiff as a "cancellation notice," purported to rescind the mortgage loan and offered "to discuss the tender of reduced payoff amount subject to all offsets for all damages including an inflated appraisal of the property." Id., Exh. 5. On November 24, 2008, Quality sold the property to LaSalle at public auction for $186,200.

## STANDARDS

**B.   General Pleading Requirements**

"Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion of entitlement to relief.

///

---

[1] "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting that motion to one for summary judgment. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). To the extent relied upon in this Order, Defendants' Request for Judicial Notice is granted. Defendants' remaining requests are denied as moot.

3

Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Twombly, 550 U.S. 556 n.3. A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. Nevertheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556.

Federal Rule of Civil Procedure 9(b) provides that "a party must state with particularity the circumstances constituting fraud." "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations and citations omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Id. at 672.

///
///
///
///
///
///

4

**B. Motion to Dismiss Under Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. at 1964-65 (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

///
///
///
///

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

Moving Defendants now seek dismissal of Plaintiff's Complaint in its entirety. Each cause of action is addressed below. However, because logic dictates otherwise, Plaintiff's claims are not discussed in the same order in which they were pled.

**1. Second Cause of Action: Demand for Accounting**

Plaintiff alleges that "[t]he true amount of money, if any, owed to Defendants by Plaintiffs is unknown as Defendants allege different figures for the payoff of the loan than Plaintiff(s) contend is owed. Prior to filing this action Plaintiff requested copies of their entire file from Defendants. Defendants have failed and refused to respond to said request and therefore committed an unlawful and unfair business practice act." FAC, ¶ 44.

"No California decision holds that the existence of a complicated accounting relationship between parties by itself permits the maintenance of a lawsuit between them when no money is owed or property must be returned." <u>Union Bank v. Superior Court</u>, 31 Cal. App. 4th 573, 593 (2d Dist. 1995). In this case, while Plaintiff allegedly owes Defendants that amount in arrears on the underlying mortgage, Defendants are not in default and Plaintiff does not adequately allege in the FAC that any funds are owed to him. Accordingly, Plaintiff failed to plead an accounting is due and Moving Defendants' Motion to Dismiss is granted with leave to amend.

**2. Third Cause of Action: Rescission**

Plaintiff next alleges that he is entitled to rescind the contract underlying this litigation "because of the fraud, breach of fiduciary duty and the unfair and unlawful business practice" of various Defendants. FAC, ¶ 55. Accordingly, "Plaintiffs declare the contract, which is the subject of this action, void, voidable and rescinded pursuant to California Civil Code § 1689(b)(1),(5), and (6)." <u>Id.</u>, ¶ 56. Thus, Plaintiff appears to argue he is entitled to rescission because his consent "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds," "the contract is unlawful for causes which do not appear in its terms or conditions, and the parties are not equally at fault," and because "the public interest will be prejudiced by permitting the contract to stand."

7

Cal. Civ. Code § 1689(b)(1), (5), and (6). However, Plaintiff failed to allege he is ready or able to tender the loan proceeds to Defendants, a failure that is fatal to his instant claim. See Cal. Civ. Code § 1691(b) ("[T]o effect a rescission a party to the contract must...[r]estore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise...").

In fact, Plaintiff alleges only that he will "restore to Defendants the Subject Property in return for Defendants return to Plaintiffs all monies paid to Defendants in connection with the placement of the loan, service of the loan, loan payments made, improvements made to the property and other such costs and expense Plaintiffs have paid in connection with the maintenance and upkeep of the Subject Property." FAC, ¶ 58. Nevertheless, these allegations are insufficient to support a rescission claim as Plaintiff is required to tender the loan proceeds, not the property. Because he has made no allegation that he is willing or able to do so, his claim for rescission fails, and Moving Defendants' Motion is granted with leave to amend.

///
///
///
///
///
///
///
///

| | |
|---|---|
| 1 | **3. Fourth Cause of Action: Breach of Fiduciary Duty** |

According to Plaintiff, "New Century and MERS owed and owe a fiduciary duty to Plaintiff to act only in a manner that would protect Plaintiff's interest and not jeopardize their rights in the Subject Property and not subject them to loss of the property and suffer other damages through illegal, unlawful and unfair acts on Defendants [sic] part. Defendants have in fact breached that fiduciary duty by the commission of the acts alleged herein." FAC, ¶ 62. However, "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature. A commercial lender is entitled to pursue its own economic interests in a loan transaction. This right is inconsistent with the obligations of a fiduciary which require that the fiduciary knowingly agree to subordinate its interests to act on behalf of and for the benefit of another." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1093 n.1 (3d Dist. 1991). Accordingly, having provided no other basis to support his claim that the parties entered a fiduciary relationship, Plaintiff's instant claim is rejected. Moving Defendants' Motion to Dismiss Plaintiff's Fourth Cause of Action is granted with leave to amend.

///
///
///
///
///
///

### 4. Fifth Cause of Action: Breach of Covenant of Good Faith and Fair Dealing

Plaintiff next asserts that "Defendants and each of them, under the terms of the Promissory Note, Deed of Trust and the understanding between the parties, had a duty of good faith and fair dealing with Plaintiffs in the execution and carrying out of the terms and conditions of the contract," a duty Defendants breached. FAC, ¶ 65, 66. Plaintiff, by way of his Opposition, clarifies that he intends to argue that the alleged "non-recordation of the assignment of the Deed of Trust establishes a viable claim for the breach." Opposition, 9:6-7.

Even assuming such an allegation would sustain a viable claim for breach of fiduciary duty, Plaintiff states no facts capable of supporting his conclusory assertion that the Deed of Trust was ever so assigned. Accordingly, Plaintiff's claim fails, and Moving Defendants' Motion to Dismiss Plaintiff's Fifth Cause of Action is granted with leave to amend.

### 5. Sixth Cause of Action: Unfair Business Practice

According to Plaintiff, "[t]he actions of New Century and MERS that constitute violations of Section 17200 of the Business and Professions Code are those alleged [throughout the FAC] as well as the following unlawful and unfair business practices:

///
///
///
///

(a) failing to provide accurate notices and disclosures required by California Law; (b) failing to disclose the true terms of the loan prior to closing; and (c) concealing the fact that the Deed of Trust and the Promissory Notes would be part of a Pooling and Servicing Agreement exposing Plaintiff to multiple claims and suits from an unknown number of parties and entities that all claim to be the holders in due course." FAC, ¶ 69. Nevertheless, Plaintiff failed to state either a direct claim against MERS or an indirect claim against any of the Moving Defendants.[2]

First, Plaintiff contends that he properly pled a cause of action against MERS because he alleged that "MERS concealed the fact that the Deed of Trust and Promissory Notes would be part of a Pooling and Servicing Agreement" and that "Defendants caused to be recorded a Notice of Default and a Notice of Trustee's Sale." Opposition, 9:23-30:10, citing FAC, ¶¶ 30, 69. Plaintiff then argues that "[a] careful reading of these statements reveal Plaintiff indeed was harmed by MERS concealment of the fact that the Deed of Trust was put into a PSA. Specifically, because the mortgage was securitized, Defendants incurred no risk in approving Plaintiff for a loan he could not afford. MERS concealment of this fact contributed to Plaintiff's mistaken belief that he could afford the loan - a belief he garnered by reasonably relying on Defendants, fraud, deceit, and lies.
///
///
///

---

[2] New Century has not been served and is, therefore, not before the Court nor is it a party to the instant Motion.

Thus, due to Plaintiff's reliance on Defendants' misrepresentations and MERS's contribution to Defendant Lender and their assigns concealment of said misrepresentations, Plaintiff defaulted on the mortgage." Opposition, 10:2-10. Accordingly, Plaintiff appears to allege that MERS violated an unarticulated duty to disclose the fact that the Deed of Trust and Promissory Note would become part of a PSA.

Plaintiff's argument fails for several reasons. As a threshold matter, Plaintiff essentially argues that MERS fraudulently concealed material information and consequently induced Plaintiff to enter the mortgage agreement underlying this action. However, Plaintiff has not pled these facts with the requisite particularity required by Rule 9(b).

Additionally, Plaintiff failed to allege any facts indicating that MERS owed any disclosure duty to Plaintiff or that MERS in any way actually sought to induce Plaintiff to enter the challenged mortgage. MERS was not Plaintiff's lender, and was, instead, merely the lender's nominee and beneficiary under the Deed of Trust. Indeed, it does not appear from the FAC that Plaintiff ever had contact with MERS prior to signing the loan documents or at any other time pertinent to the instant claim. Accordingly, the FAC raises no grounds on which this Court could find that MERS had any legal obligation to Plaintiff to make the disclosures on which the instant claim could be directly based.

///
///
///
///

Alternatively, Plaintiff appears to argue that all Moving Defendants are vicariously liable for the alleged transgressions of the currently absent New Century. See Perfect 10, Inc. v. Visa Intern. Service Ass'n, 494 F.3d 788, 808-809 (9th Cir. 2007) ("an 'unfair practices claim under section 17200 cannot be predicated on vicarious liability....A defendant's liability must be based on his personal participation in the unlawful practices.'"), quoting Emery v. Visa International Service Assoc., 95 Cal. App. 4th 952 (2002). Consequently, Plaintiff argues that Moving Defendants directly participated in the actions underlying this action as follows:

> Plaintiff's complaint implicitly and explicitly alleges Litton and Avelo's knowledge of New Century and MERS' fraud and unfair business practices. For example, "[Defendants] have engaged in and continue to engage in a pattern of unlawful, fraudulent or unfair predatory real estate practices" [Amend. Compl. ¶ 17]; [Defendants], as a pattern and practice in the home loan industry...used deceit and misrepresentation to lull borrowers...into loans [Amend. Compl. ¶ 47]; "[t]he actions of Defendants each of them [was]...designed to cause Plaintiff to lose [his] property" [Amend. Compl. ¶ 63]; and based on "the actions [of] Defendants individually and collectively Defendants should be enjoined...from evicting Plaintiff from the Subject Property" [Amended Compl. ¶ 71]. Therefore Litton and Avelo are liable under the unfair business practices act.

Opposition, 9:8-18.

As above, the relevant allegations in the FAC are wholly conclusory and fall entirely short of meeting the particularity requirements for pleading fraud under Federal Rule of Civil Procedure 9(b). Thus, to the extent it is premised on a theory of vicarious liability, Plaintiff's claim against the Moving Defendants fails as well.

///

Accordingly, Moving Defendants' Motion to Dismiss Plaintiff's Sixth Cause of Action is granted with leave to amend.

### 6. Seventh, Eighth, and Ninth Causes of Action: Set Aside Sale; Cancel Trustees' Deed Upon Sale; Quiet Title

Under Plaintiff's Seventh, Eight, and Ninth Causes of Action, Plaintiff seeks to reverse the foreclosure of the Subject Property. He argues that "[f]oreclosure proceedings...should never have been initiated by any of the Defendants and none of the Defendants had authority to sell the Subject Property because their security interest had been rendered void as a matter of law. Moreover, Defendants' own actions precluded Plaintiff from offering tender." Opposition, 3:25-25.

First, Plaintiff relies on California Commercial Code § 3301 to argue that "[o]nly the holder of a negotiable promissory note is entitled to enforce the note." Id., 4:7-8. However, "[n]o requirement exists under the statutory framework [of California Civil Code sections 2924-2924i] to produce the original note to initiate non-judicial foreclosure." Candelo v. NDex West, LLC, 2008 WL 5382259, *4 (E.D. Cal.). Thus, Plaintiff's claim fails insofar as it depends upon a theory that Defendants lacked possession of the Note.

Additionally, Plaintiff again argues that the foreclosure was improper since "there was an illegal and unrecorded assignment of the security instrument." Id., 4:11-12. The Court disposed of this argument above, and no further discussion is warranted here.

///

Finally, even if the preceding arguments had merit, "[i]t is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." Arnolds Management Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (2d Dist. 1984). However, nowhere in the FAC does Plaintiff allege any ability to tender the loan proceeds. Instead, Plaintiff states only that he will "restore to Defendants the Subject Property in return for Defendants return to Plaintiffs all monies paid..." FAC, ¶ 58. As previously stated, Plaintiff's attempt to style a "return" of property to Defendants as an offer to tender is legally inadequate and not sufficient to justify reversal of the sale of the Subject Property.

For each of the above reasons, Defendants' Motion to Dismiss Plaintiff's Seventh, Eighth, and Ninth Causes of Action is granted with leave to amend.

**7.  First Cause of Action: Declaratory Relief**

In addition to the above arguments, Plaintiff seeks a declaration that the foreclosure was improper because Plaintiff had provided Defendants with a cancellation notice, that the above alleged unrecorded assignment similarly rendered foreclosure proceedings improper, and that properly identifies the actual holders of the Promissory Note. FAC, ¶¶ 37-39.
///
///

15

Plaintiff's claim for declaratory relief fails, as discussed in greater detail in the preceding sections, because Plaintiff failed to 1) allege his willingness and ability to tender the loan proceeds; 2) properly allege facts supporting a theory that there was an unrecorded assignment of the security interest; or 3) show that the foreclosing party must have actual possession of the Promissory Note. Thus, Moving Defendants' Motion to Dismiss Plaintiff's First Cause of Action for declaratory relief is dismissed with leave to amend.

**8.    Tenth Cause of Action: Injunctive Relief**

Finally, Plaintiff, through his Tenth Cause of Action seeks injunctive relief. Plaintiff's final "claim" is actually descriptive of a remedy rather than an independent cause of action. However, because Plaintiff has not adequately pled any of his above causes of action, there remains no alleged violation of the law for which a remedy would be available. See Winter v. Natural Resources Defense Council, 129 S. Ct. 365, 375 (2008). (likelihood rather than possibility of success on the merits required for issuance of preliminary injunctive relief); Amoco Production Co. et. al. v. Village of Gambeel et. al., 480 U.S. 531, 546 n.12 (1987) (permanent injunction issued only upon showing of actual success on the merits). Since no claims survive on the merits, neither does Plaintiff's request for injunctive relief. Accordingly, Moving Defendants' Motion to Dismiss Plaintiff's Tenth Cause of Action is granted with leave to amend.

**CONCLUSION**

For the reasons just stated, Moving Defendants' Motion to Dismiss Plaintiff's Complaint is GRANTED with leave to amend.[3] Plaintiff may (but is not required to) file an amended complaint, not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)-day period, without further notice from the Court, this case will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: May 11, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).